UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN DORISE,                               Case No. 09-10042

        Plaintiff,                       Marianne O. Battani
vs.                                          United States District Judge

ELLA BULLEA CUMMINGS, et al.,                Michael Hluchaniuk
                                                  United States Magistrate Judge
        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
<u>APPOINTMENT OF EXPERT WITNESS (Dkt. 32)</u>**

      This matter is before the Court on plaintiff's motion for the appointment of an expert witness (Dkt. 32). Plaintiff, an inmate currently at the Chippewa Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. (Dkt. 1). Plaintiff alleges that certain City of Detroit police officers used excessive force on him and that other defendants failed to properly train and supervise those officers. *Id*. On May 8, 2009, this case was referred to the undersigned for all pretrial purposes by District Judge Marianne O. Battani. (Dkt. 11). In support of his request for an expert witness, plaintiff states that defendants' lawyers may request him to undergo

a physical or mental examination, and therefore, he will require an expert witness to be appointed on his behalf. (Dkt. 32).

As this Court has recognized, the use of court-appointed experts is relatively infrequent and most judges "view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances." *Tangwall v. Robb*, 2003 WL 23142190 (E.D. Mich. 2003), quoting, Joe S. Cecil & Thomas E. Willging, *Court-Appointed Experts: Defining the Role of Experts Appointed Under Federal Rule of Evidence 706*, 4-5 (Fed. Jud. Center 1993). Indeed, the Court should appoint an expert only in the most "compelling" of circumstances. *Id.*, citing, *Applegate v. Dobrovir, Oakes & Gephardt*, 628 F.Supp. 378, 383 (D. D.C. 1985). Based on the Court's review of plaintiff's motion and the issues presented in this case, no such extraordinary or compelling circumstances are presented here. Moreover, defendants have not moved this Court for any physical or mental examination to be performed on plaintiff. Thus, the undersigned **DENIES** plaintiff's motion for the appointment of expert.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any

defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: October 23, 2009    s/Michael Hluchaniuk
                          Michael Hluchaniuk
                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 23, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: John A. Schapka and Nellie J.L. Lee, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Norman Dorise, # 653633, KINROSS CORRECTIONAL FACILITY, 16770 S. Watertower Drive, Kincheloe, MI 49788.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov